# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 15-632V
### Filed: December 22, 2015

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
NICHOLLE M. CIELENCKI,              *
                                    *
                Petitioner,         *        Dismissal; Not a Covered Vaccine;
v.                                  *        Pneumovax 23; Failure to Prosecute
                                    *
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *
                                    *
                Respondent.         *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Rodger Pirnie Doyle, Jr., Kenney Shelton Liptak Nowak, LLP, Buffalo, NY, for petitioner.*
*Heather Lynn Pearlman, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION[1]

On June 19, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] [the "Vaccine Act" or "Program"]. The petition alleges that petitioner suffered injuries as a result of her receipt of a "Pneunovax 23" [sic.] vaccine on June 19, 2012. For the reasons discussed below, petitioner's claim is hereby **DISMISSED**.

### I.    Procedural History

Although petitioner filed an exhibit list with her petition, none of the identified records were filed. The only evidence filed in this case is petitioner's affidavit which states that petitioner was injured by a "Pneunovax 23 vaccination." (ECF No. 1, p. 7.)

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, it will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

Because the petition alleged injury from a vaccine not covered by the Vaccine Program,[3] an order to show cause was issued instructing petitioner to amend her petition to allege injury from a Program-covered vaccine or otherwise show cause why the petition should not be dismissed.[4]  (ECF No. 5.)

Subsequently, proceedings in this case were suspended first for 30 days to accommodate petitioner's counsel while he obtained a CM/ECF account (ECF No. 6.), and then again for a further 45 days, on petitioner's first motion for enlargement (ECF No. 8; Order Granting Motion (Non-PDF), 8/31/2015). In support of the motion, petitioner's counsel cited personal issues unrelated to the instant case, including illness and legal difficulties, that left him unable to timely file a response to the order to show cause. (*Id.*, p. 2.)

In a second motion for enlargement, petitioner's counsel requested a further 60 days, or until December 15, 2015, to respond to the order to show cause originally issued some four months prior. (ECF Nos. 11, 12.) Petitioner's counsel indicated in the second request that the enlargement of time was necessary "in order to verify the precise vaccination given to Petitioner." (ECF No. 12, p. 2.)  He reported, however, that his client had apparently severed contact and he has been unable to locate her to secure HIPAA authorization.[5] (*Id.*, pp. 2-3.)

Petitioner's counsel's second motion for enlargement was granted and he was allowed until December 15, 2015, to file a response to the court's show cause order. (*See* ECF No. 13.)

The court has been very generous in granting petitioner's counsel multiple enlargements to respond to the show cause order.  As of December 15, 2015, petitioner has had 179 days to formulate her response.  This is more than adequate, particularly given that petitioner need only introduce a claim that she was injured by a Program-covered vaccine.  The remaining elements of her claim could have been substantiated at a later date.  Contrary to counsel's suggestion in his first motion for enlargement, the requisite response is not "complex." (ECF No. 8, p. 2.)

---

[3] "There are two types of pneumococcal vaccines . . . pneumococcal conjugate and polysaccharide vaccines." *Bundy v. HHS*, No. 12-769v, 2014 WL 348852, at *1 (Fed. Cl. Spec. Mstr. Jan. 8, 2014.)  Only pneumococcal conjugate vaccines, routinely administered to children, are covered by the Vaccine Program. *Id.*; *see also Morrison v. HHS*, No. 04-1683, 2005 WL 2008245, at *1 (Fed. Cl. Spec. Mstr. July 26, 2005)(describing how and when pneumococcal conjugate vaccines were added to the Vaccine Table).  The Pneumovax 23 vaccine is a polysaccharide vaccine and therefore not a vaccine set forth in the Vaccine Injury Table. *See Bundy*, 2014 WL 348852, at *2; 42 C.F.R. § 100.3 (2011).

[4] The order to show cause was issued by then Chief Special Master Vowell.  This case was transferred to the undersigned on September 9, 2015. (ECF No. 10.)

[5] Counsel indicated that petitioner's last known phone numbers were disconnected and she had not been found at her last known address on multiple occasions. (*Id.*)  Counsel reported, upon information and belief, that petitioner may have moved from the Buffalo, New York, area to someplace in South Carolina. (*Id.*, p. 3.)

Despite this, petitioner has allowed the December 15, 2015, show cause deadline to lapse and has failed to file any response to the court's order to show cause. The undersigned's most recent order granting an enlargement of time explicitly stated that no further extension would be granted and that a failure to file a timely response to the show cause order, including evidence of vaccination from a Program-covered vaccine, would result in dismissal. (*See* ECF No. 13, pp. 1, 3.)

## II.    Legal Standard

The authority of special masters is limited by statute.  The Vaccine Act vested special masters with authority to award compensation only for injuries caused by certain vaccines—those recommended for routine administration to children. *See* H.R. Rep. 99-908, 1986 U.S.C.C.A.N. 6344 at 3.  The vaccines initially covered by the Program were those listed in section 14 of the Act—the original Vaccine Injury Table.  As more vaccines were recommended for routine administration to children by the Centers for Disease Control and Prevention ["CDC"], the Secretary, Health and Human Services ["HHS"] was directed to amend the Table for their inclusion.  *See* § 14(c)(1); 42 C.F.R. § 100.3 (2011) (the current Table).  Importantly, a tax is enacted on each vaccine listed on the Table to provide funds for compensation for possible injury resulting from a vaccine.  The date the tax is enacted is the date a vaccine becomes a part of the Vaccine Program.  *See* 26 U.S.C. § 4131(a); *see also* Omnibus Budget Reconciliation Act of 1993, Pub.L. No. 103–66, § 13632(a)(3), 107 Stat. 312 (1993).

Significant to this case, only some, but not all, pneumococcal vaccines are included in the Vaccine Injury Table. *See* 42 C.F.R. § 100.3 (2011). "There are two types of pneumococcal vaccines . . . pneumococcal conjugate and polysaccharide vaccines." *Bundy v. HHS*, No. 12-769v, 2014 WL 348852, at *1 (Fed. Cl. Spec. Mstr. Jan. 8, 2014.) Only pneumococcal conjugate vaccines, routinely administered to children, are covered by the Vaccine Program. *Id*.; *see also Morrison v. HHS*, No. 04-1683, 2005 WL 2008245, at *1 (Fed. Cl. Spec. Mstr. July 26, 2005)(describing how and when pneumococcal conjugate vaccines were added to the Vaccine Table). The Pneumovax 23 vaccine is a polysaccharide vaccine and therefore not a vaccine set forth in the Vaccine Injury Table. *See Bundy*, 2014 WL 348852, at *2; 42 C.F.R. § 100.3 (2011).

To be entitled to compensation under the Vaccine Act, a petitioner must demonstrate that she received a vaccine set forth in the Vaccine Injury Table and that she experienced an injury caused by that vaccine. *See* §11(c). Petitioner bears the initial burden of demonstrating these elements by preponderant proof. *See* § 13(a)(1).

## III.    Discussion

To date, petitioner has completely failed to come forward with any evidence that she was injured by a Program-covered vaccine.  Her petition alleges that she was injured by a Pneumovax 23 vaccine which is a polysaccharide pneumococcal vaccine *not* include on the Vaccine Injury Table. (ECF No. 1, p. 1.) To the extent petitioner's counsel subsequently suggested that the exact vaccination petitioner received was not

yet verified (see ECF No. 11, p. 2), petitioner was given additional time to file proof of this suggestion.  Petitioner failed to file any additional evidence. Indeed, the only evidence in the record of this case is petitioner's affidavit and that affidavit specifically avers injury from the same non-covered vaccine alleged as causal in her petition. (*See* ECF No. 1, pp. 6-7.)

In any event, petitioner's failure to respond to the court's order to show cause constitutes a failure to prosecute and represents an independent basis for dismissal of this petition.  (*See* Vaccine Rule 21(b)(1).) Petitioner was specifically warned when her second motion for enlargement was granted that no further extension would be allowed and that failure to file a response by December 15, 2015, would result in dismissal of her claim. (ECF No. 13, pp. 1, 3.)

## IV.    Conclusion

Petitioner has failed to demonstrate that she received a vaccine covered under the Vaccine Program.  **This case is dismissed for failure to state a claim upon which relief can be granted.  This case is also dismissed for a failure to prosecute. The clerk shall enter judgment accordingly.**[6]

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[6] If petitioner wishes to bring a civil action, she must file a notice of election rejecting the judgment pursuant to 42 U.S.C. § 300aa-21(a) "not later than 90 days after the date of the court's final judgment."